# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1788V
Filed: June 8, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| LAURA VALENTIN MAALOUF, * | | UNPUBLISHED |
| Petitioner, * | | Dismissal; Failure to Prosecute; |
| * | | Failure to Follow Court Orders; |
| v. * | | Vaccine Rule 21(b) |
| * | | |
| SECRETARY OF HEALTH * | | |
| AND HUMAN SERVICES, * | | |
| * | | |
| Respondent. * | | |
| * * * * * * * * * * * * * | | |

*Laura Valentin Maalouf, pro se*, West Chester, PA.
*Heather Pearlman, Esq.*, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

**Roth**, Special Master:

On November 21, 2019, Laura Valentin Maalouf ("petitioner" or "Ms. Maalouf") filed a claim as a *pro se* petitioner for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that she suffered from cellulitis as a result of a Pneumovax vaccination administered on September 11, 2019. *See* Petition ¶¶2, ECF No. 1.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On January 27, 2020, a recorded status conference was held with the *pro se* petitioner. ECF No. 11. At this status conference, petitioner confirmed that her cellulitis had resolved in the two-to-three weeks following receipt of stronger antibiotics and had not returned. Petitioner was then informed that because her injury had resolved within a few weeks of her vaccination, her claim could not meet the statutory six-month requirement. However, at the time of the conference, six months had not yet passed since vaccination. Therefore, an order was issued on January 30, 2020 requiring petitioner to file a letter confirming whether her condition had resolved with no further sequela. A deadline of March 27, 2020 was set. *Id.*

Petitioner failed to comply with the January 30, 2020 Order and failed to file for any extension of time by the March 27, 2020 deadline.

On April 13, 2021, respondent filed a Motion requesting that an Order to Show Cause be issued. ECF No. 14. Respondent noted that, "[t]o date—more than one year later—petitioner has not filed the required letter or any further documentation to support her claim." *Id.* at 2. Respondent's Motion was granted on May 6, 2021 and an Order to Show Cause was issued. ECF No. 15. Petitioner was ordered file a response to the Order to Show Cause or otherwise show cause for why the case should not be dismissed. A deadline of May 21, 2021 was set. *Id.*

The May 21, 2021 deadline has now passed, and petitioner has failed to file any response to the Order to Show Cause or for any extension of time; petitioner has failed to communicate with the Court in any way.

Ms. Maalouf's case has been pending for over a year without action from petitioner. She has been provided ample time to respond to Court orders but has repeatedly failed to do so. Ms. Maalouf has generally failed to apprise the Court of her status and her intentions regarding her vaccine injury claim.

It is petitioner's duty to prosecute her case, and to follow court orders. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). **Accordingly, this case is dismissed for failure to prosecute and failure to follow court orders. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                 <u>s/Mindy Michaels Roth</u>
                                                 Mindy Michaels Roth

Special Master